FILED
09-11-2019
Clerk of Circuit Court
Winnebago County, WI
2019CV000757

STATE OF WISCONSIN　　CIRCUIT COURT　　WINNEBAGO COUNTY
　　　　　　　　　　　　　BRANCH _____

---

JOHN DOE,

　　　　　　　Plaintiff,

-vs-

BOARD OF REGENTS OF THE UNIVERSITY
OF WISCONSIN SYSTEM
Andrew S. Peterson, Regent President
1860 Van Hise Hall
1220 Linden Drive
Madison, WI 53706,

UNIVERSITY OF WISCONSIN OSHKOSH
800 Algoma Boulevard
Oshkosh, WI 54901;

Case No. 19-CV-_____
Classification Code No. 30107, 30704

ANDREW LEAVITT, in his individual and official
capacities,
800 Algoma Boulevard
Oshkosh, WI 54901;

SHAWNA KUETHER, in her individual and official
capacities,
N1126 Glennview Drive
Greenville, WI 54942-8782; and

ABIGAIL K. SYLVIA, in her individual and official
capacities,
2822 Pine Ridge Road
Oshkosh, WI 54904-8480;

　　　　　　　Defendants.

---

## MOTION FOR LEAVE FOR
## PLAINTIFF TO PROCEED ANONYMOUSLY AS JOHN DOE

---

　　　1.　　Movant, John Doe ("Movant"), by his attorney, Peter J. Culp, hereby seeks authorization to file the Summons and Verified Complaint in the above-captioned matter as a pseudonymous Plaintiff. In light of the serious nature of the allegations against Plaintiff, Plaintiff is

justifiably concerned about the possible harm and acts of retaliation that could further prevent Plaintiff from proceeding with his educational career and future endeavors. Plaintiff's identity, in addition to the confidential complainant as described in the Verified Complaint, should not be disclosed to the public due to the sensitive nature of the underlying allegations. Plaintiff is prepared to provide a statement of his true identity, under seal, upon the Court's request.

2. This lawsuit involves requests for writs and claims for the recovery of general, special, and punitive damages arising out of the improper investigation and hearing of complaint of misconduct of a sexual nature.

3. Plaintiff had, and continues to have, deep and significant concerns about disclosing his identity to the public in order to protect his significant privacy interests, including information of a highly sensitive and personal nature. The mere allegations that lead to the investigation, despite being baseless, have the potential of carrying negative social stigma such that his identity and privacy interests are substantial.

4. In Woznicki v. Erickson, the late Justice William Bablitch correctly pointed out:

> In his classic statement, Justice Brandeis characterized 'the right to be let alone . . . ' as the most comprehensive of rights and the right most valued by a civilized society. See Olmstead v. United States, 277 U.S. 438, 478, 48 S.Ct. 564, 572, 72 L.Ed. 944 (1928) (Brandeis, J., dissenting). In Wisconsin v. Constantineau, 400 U.S. 433, 434, 91 S.Ct. 507, 508, 27 L.Ed.2d 515 (1971), the U.S. Supreme Court held that a protectable liberty interest is implicated '[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him. . . .' Id. at 437, 91 S.Ct. at 510.
>
> The dissent expresses well and capably the legal conclusion to which it believes the law inexorably draws it. It is a position for which a legal argument can be made. But it has one major flaw. It is a cold legal analysis which does not touch real life. We are not talking here about government contracts, minutes of some town board meeting, or the like. We are talking about a private citizen's concern that his reputation and privacy will be damaged, perhaps irreparably, by the release of his personnel and private telephone records.

> The words 'public record' are sterile, faceless, bloodless words, but at times conceal within them the lives of real people, and contain the potential for untold damage to privacy and reputation. Public records in the hands of the district attorney, a secondary rather than a primary custodian of those records, may contain uncorroborated or untrue hearsay, raw personal data, or a myriad of accusations, vendettas, or gossip. Much if not all of this data may serve only to titillate rather than inform.
>
> Once released, this data can be quoted with impunity. **A titillated society quickly moves on to the next headline; the revealed person carries the consequences forever.** Our society consistently expresses great concern for victims of crime. **Is not a private citizen whose reputation is about to be shredded, or whose privacy about to be ripped open to public view, potentially as great a victim?** Are we to say that a district attorney in the process of daily business will never make a mistake in the release of 'public records?' **The damage, once done, cannot be undone. And the damage can be monumental.** Shakespeare had it right: "He who steals my purse steals trash; . . . But he that filches from me my good name . . . makes me poor indeed."

Woznicki, 202 Wis. 2d 178, 199, 549 N.W.2d 699, 708 (1996) (emphasis added).

5.   Plaintiff realized, and continues to realize, Defendants have a right to know his identity, and to that extent, has set forth averments in the accompanying Verified Complaint with particularity that will leave no doubt in the mind of Defendants about the true identity of the Plaintiff. Thus, Defendants should suffer no prejudice as a result of Plaintiff continuing to proceed under a pseudonym.

6.   While there appears to be no statute and no local rule that governs a party who wishes to proceed in a trial court under a pseudonym, other state circuit courts have permitted parties to do so. See, e.g., John Doe vs. Board of Regents of the University of Wisconsin System, et al., Milwaukee County Case No. 2017CV006377.

7.   Additionally, federal law provides substantial guidance. "The Federal Rules of Civil Procedure do not expressly authorize or prohibit the use of fictitious names by plaintiffs." 1 James Wm. Moore, et al., Moore's Manual: Federal Practice and Procedure § 9.12[1][b][ii] (2004)[hereinafter Moore]. Consequently, in special circumstances, federal courts have made

exceptions to the policy favoring disclosure to protect privacy interests, including in matters involving sexual relations. See id.

8. "A party seeking to proceed anonymously must request permission from the court." Moore, § 9.12[1][b][ii] (2004).

9. In Wisconsin, a plaintiff may rebut the presumption of disclosure by demonstrating that the harm of revealing his identity exceeds the likely harm from concealing it. n Doe v. City of Chicago, 360 F. 3d 667, 669 (7th Cir. 2004). Exceptions to the general rule of disclosure include the need to protect the privacy of "children, rape victims or other particularly vulnerable parties or witnesses." Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F. 3d 869, 872 (7th Cir. 1997).

10. Many courts have permitted parties to proceed anonymously when special circumstances arise. Generally, courts allow the use of pseudonyms "[w]here it is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment. . . ." U.S. v. Doe, 665 F. 2d 920, 922 (9th Cir. 1977) (citing U.S. v. Doe, 556 F. 2d 391, 393 (6th Cir. 1977)).

11. Courts have recognized that one of the most compelling reasons for allowing a plaintiff to proceed pseudonymously is where the "injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." M.M. v. Zavares, 139 F. 3d 798, 803 (10th Cir. 1998). This fact is often cited by courts as an overriding concern in the weighing of a Plaintiff's right to privacy and the public's right to know. See, e.g., Doe v. Bell Atlantic Business Systems, 162 F.R.D. 418, 420 (D. Mass. 1995).

12. There is a high level of sensitivity and harm that stems from cases involving allegations of a sexual nature. The yet unproven allegations associated with his identity will likely cause irreparable harm to Plaintiff's reputation and career. Disclosure of his identity will expose him to the chilling effect that comes from the stigma of the label "sexual assault." As one district court stated,

> The Court finds it inevitable that he would be asked to explain either situation by future employers or graduate school admissions committees, which would require him to reveal that he was found guilty of sexual misconduct by DePauw . . . the question will still be raised, and any explanation is unlikely to fully erase the stigma associated with such a finding. Money damages would not provide an adequate remedy at that point; DePauw's disciplinary finding-even if determined to have been arbitrary or made in bad faith-would continue to affect him in a very concrete way, likely for years to come.

King v. DePauw Univ., 2014 WL 4197507, at *13 (S.D. Ind. Aug. 22, 2014).

13. Similarly, another district court indicated how the social stigma associated with sexual assault results in harm that cannot be addressed by monetary damages alone:

> Plaintiff has plausibly articulated the longstanding impact that such an investigation or disciplinary action could have on Plaintiff's life. Plaintiff could suffer 'humiliation, disgrace, mental anguish, severe emotional distress, injury to reputation, past and future economic loss,' etc. The social stigma associated with a sexual assault conviction is deservedly severe. But for that reason, if the Court finds that SU's investigation and possible disciplinary action would be somehow unlawful, money damages alone could not unring that bell.

Doe v. Salisbury Univ., 2015 WL 3478134 at *9.

14. The district court in John Doe v. Middlebury College echoed the same sentiment when expressing the life-long effects of having the label of sexual assault attributed to John Doe:

> John Doe will experience irreparable harm from the gap in his education due to a charge of sexual assault, which will last for the remainder of his professional life, and any explanation is unlikely to fully erase the stigma.

Id., No. 1:15-CV-192-JGM (D. Vt. Sept. 16, 2015).

15. DePauw, Salisbury Univ., and Middlebury College constitute relevant case law authority in support of Plaintiff's argument that he will experience retaliatory harm if he is not granted the protection of proceeding under a pseudonym.

16. The interests of Defendants and the public will not be harmed at this early stage of the case if Plaintiff's name is not revealed. There may be some public interest in this case, especially

among individuals and colleges who are struggling to deal with the same issues raised by the Verified Complaint. However, that public interest can be completely accommodated by a proceeding in which the Plaintiff's true name is not disclosed.

17. It is Plaintiff's position that his privacy interests and overwhelming need to protect information of utmost intimacy substantially outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings such that he should be permitted to continue to proceed under a pseudonym.

18. A plaintiff seeking to continue to proceed anonymously must file and serve a motion pursuant to General L. R. 83.9(c) within twenty (20) days of the service of the Complaint. This Motion and all other commencing pleadings will be served on Defendants no later than that twenty-day time period.

19. For these reasons and such other reasons as may appear just to the Court, Plaintiff requests that his *Ex Parte* Motion for Leave to File Petition as Pseudonymous Plaintiff be granted.

DEMPSEY EDGARTON, ST. PETER,
PETAK, & ROSENFELDT LAW FIRM
Attorneys for the **Plaintiff**

Electronically signed by Peter J. Culp
Peter J. Culp
Wisconsin Bar No. 1022595

**ADDRESS:**
210 North Main Street, Suite 100
Oshkosh, Wisconsin 54903-0886

Telephone: 920-235-7300
Facsimile: 920-235-2011
Email: peterc@dempseylaw.com

Dated: September 11, 2019