FILED
09-11-2019
Clerk of Circuit Court
Winnebago County, WI
2019CV000757

STATE OF WISCONSIN　　　CIRCUIT COURT　　　WINNEBAGO COUNTY
　　　　　　　　　　　　　　BRANCH VI

JOHN DOE,

               Plaintiff,

-vs-

BOARD OF REGENTS OF THE UNIVERSITY
OF WISCONSIN SYSTEM
Andrew S. Peterson, Regent President
1860 Van Hise Hall
1220 Linden Drive
Madison, WI 53706,

UNIVERSITY OF WISCONSIN OSHKOSH
800 Algoma Boulevard
Oshkosh, WI 54901;

Case No. 19-CV-_____
Classification Code No. 30107, 30704

ANDREW LEAVITT, in his individual and official
capacities,
800 Algoma Boulevard
Oshkosh, WI 54901;

SHAWNA KUETHER, in her individual and official
capacities,
N1126 Glennview Drive
Greenville, WI 54942-8782; and

ABIGAIL K. SYLVIA, in her individual and official
capacities,
2822 Pine Ridge Road
Oshkosh, WI 54904-8480;

               Defendants.

---

**PLAINTIFF'S NOTICE AND MOTION
FOR *EX PARTE* TEMPORARY STAY ORDER AND INJUNCTION**

---

    Movant, John Doe (hereinafter "Doe"), by his attorney, Peter J. Culp, will move the Circuit Court for Winnebago County, Wisconsin, pursuant to Wis. Stat. § 813.02, for a temporary order and injunction, staying and enjoining further action or hearing on the student non-academic misconduct

proceeding involving Doe, and the processes both invoked and not yet invoked, and permitting Doe to fully continue with his education as no such student non-academic misconduct complaint had been made, until further order of the Court.

This Motion will be heard:

**BEFORE:**　Honorable Daniel J. Bissett

**PLACE:**　Winnebago County Courthouse
　　　　　　415 Jackson Street, Room
　　　　　　Oshkosh, WI 54901

**DATE:**　_____

**TIME:**　_____

The grounds for this Motion, as further set forth in the Verified Complaint, the Declaration of John Doe, and the papers on file with the Court, are as follows:

(1) Doe is a party to a student non-academic misconduct proceeding at the University;

(2) The student non-academic misconduct proceeding is presided over by a hearing examiner who is employed by the Division of Student Affairs, the same Division who is prosecuting the student non-academic misconduct proceeding;

(3) Examiners who are authorized to take testimony have the statutory authority and power to issue subpoenas, just like school boards and other persons and bodies who are authorized to take and receive testimony, pursuant to Wis. Stat. §§ 805.07 (1) and 885.01 (4) and Racine Unified Sch. Dist. v. Thompson, 107 Wis. 2d 657, 668, 321 N.W.2d 334, 339-40 (Ct. App. 1982);

(4) Doe requested the appointed hearing examiner to issue subpoenas on his behalf to compel the attendance of witnesses at the hearing and she refused and reached a conclusory decision, without any rationale;

(5) The appointed hearing examiner engaged in *ex parte* discussions with the confidential complainant without notice or involvement of Doe and, based on that conversation, placed material and significant limitations on the ability of Doe to cross examine the confidential complainant. Such limitations do not permit Doe to effectively examine the witness, as required by Wis. Admin. Code § UWS 17.12 (4)(c)3. ("whatever procedure is adopted, the complainant and respondent are allowed to effectively question the witness")

(6) The student non-academic misconduct proceeding has been plagued by numerous misrepresentations, errors, lack of communications, and other acts and omissions, which are identified in great detail in the Verified Complaint, that have had and will continue to have a detrimental affect on the rights of Doe unless there is intervention by the Court;

(7) Because Defendants have now scheduled a hearing in the student non-academic misconduct proceeding on September 26, 2019, a decision on the procedural due process and other issues presented in the Verified Complainant is imminent and necessary in advance of any hearing to ensure a fundamental fair hearing for everyone concerned;

(8) The student non-academic misconduct proceeding should be stayed pending further decisions and orders of the Court relative to the issues raised in the Verified Complaint; there is nothing unfair or unreasonable to stay the proceeding pending further proceedings on the issues;

(9) Fundamental due process principals require that the Petitioner be treated as innocent until proven guilty and be allowed to continue through the educational process, and through a fair and balanced student non-academic misconduct proceeding. "Whether someone is a 'victim' is a conclusion to be reached at the end of a fair process, not an assumption to be made at the beginning." Schaumleffel v. Muskingum Univ., No. 2:17-CV-463, 2018 WL 1173043, at *16 (S.D. Ohio Mar. 6, 2018); and

(10) "If a college student is to be marked for life as a sexual predator, it is reasonable to require that he be provided a fair opportunity to defend himself and an impartial arbiter to make that decision. Put simply, a fair determination of the facts requires a fair process, not tilted to favor a particular outcome, and a fair and neutral fact-finder, not predisposed to reach a particular conclusion." Schaumleffel v. Muskingum Univ., No. 2:17-CV-463, 2018 WL 1173043, at *16 (S.D. Ohio Mar. 6, 2018).

DEMPSEY EDGARTON, ST. PETER,
PETAK, & ROSENFELDT LAW FIRM
Attorneys for the Plaintiff

Electronically signed by Peter J. Culp
Peter J. Culp
Wisconsin Bar No. 1022595

**ADDRESS:**
210 North Main Street, Suite 100

Oshkosh, Wisconsin 54903-0886

Telephone: 920-235-7300
Facsimile: 920-235-2011
Email: peterc@dempseylaw.com

Dated: September 11, 2019