IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**JOHN DOE**,

    Plaintiff,

V.                                        Case No. 19-cv-01348-PP

**BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM**, **UNIVERSITY OF WISCONSIN OSHKOSH**, **ANDREW LEAVITT**, **SHAWNA KUETHER**, and **ABIGAIL K. SYLVIA**,

    Defendants.

## CIVIL L. R. 7 (h) EXPEDITED NON-DISPOSITIVE MOTION FOR PRELIMINARY STAY ORDER AND INJUNCTION

Plaintiff, John Doe, by his attorneys, Dempsey Edgarton, St. Peter, Petak, & Rosenfeldt Law Firm, states as follows for his Motion for Preliminary Stay Order and Injunction pursuant to Fed. R. Civ. P. 65 (b):

1. The grounds for this Motion are set forth in great detail the Verified Complaint. (Ex. A to Notice of Removal). Doe respectfully requests this Court to grant this Motion on or before September 25, 2019, with or without a hearing, to avoid irreparable injury arising from a student non-academic misconduct proceeding (hereinafter "the University Proceeding") under Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681).

2. Doe is a respondent in the University Proceeding that involves allegations of sexual misconduct. He engaged in consensual sexual intercourse with a confidential complainant. **The hearing/trial in the University Proceeding is set for September 26, 2019**.

3. Even though the investigative facts support Doe's position, the University Proceeding has been riddled with misrepresentations, errors, lack of communications, and other acts and omissions, which have created a fundamentally unfair process and will continue to have a detrimental effect on the rights of Doe in the absence of expedited intervention by the Court.

4. The hearing examiner, who serves as the judge, and the University prosecutor, report to the same supervisor --- Art Munin. This reporting relationship and the fact that the hearing examiner -- Abigail Sylvia – is a defendant in this action presents an actual conflict of interest, if not a real perceived conflict of interest, placing into serious doubt her impartiality. Her continuing to serve as the hearing examiner in this matter impairs Doe's right to a fundamentally fair hearing.

5. The hearing examiner has engaged in *ex parte* discussions with the confidential complainant, without notice to or involvement of Doe, and based on those discussions, has materially limited cross examination of the confidential complainant to note cards, in contravention of Wis. Admin. Code § UWS 17.12 (4)(c)3. ("whatever procedure is adopted; the complainant and respondent are allowed to effectively question the witness").

6. Examiners, like school boards, who are authorized to take testimony, have statutory authority to issue subpoenas to compel the attendance of witnesses, but the hearing examiner here has refused to honor that authority and issue subpoenas at Doe's request. Wis. Stat. §§ 805.07 (1) and 885.01 (4); Racine Unified Sch. Dist. v. Thompson, 107 Wis. 2d 657, 668, 321 N.W.2d 334, 339-40 (Ct. App. 1982). Her refusal impairs Doe's right to a fundamentally fair hearing.

7. The University prosecution has misled Doe about his right to have an attorney present to examine witnesses. He first advised Doe that Doe could have an attorney present, but the attorney was not permitted to question witnesses, in contravention of Wis. Admin. Code. § UWS 17.12 (4)(b). He next advised Doe that the attorney could examine witnesses. This has impacted Doe's right to a fundamentally hearing.

8. The University prosecution misled Doe about the applicable burden of proof. He first advised Doe that preponderance of the evidence was the applicable burden, in contravention of Wis. Admin. Code. § UWS 17.12 (4)(f)3. He next advised Doe that clear and convincing was the applicable burden. This has impacted Doe's right to a fundamentally hearing.

9. Defendants apply the lower preponderance burden for allegations of sexual misconduct and the higher clear and convincing burden for all non-sexual-related misconduct allegations under Title IX. This differing burden scheme contravenes a directive from the U.S. Department of Education, Office for Civil Rights ("OCR"), which administers Title IX cases like this one. "The standard of evidence for evaluating a claim of sexual misconduct should be consistent with the standard the school applies in other student misconduct cases."[1] "'When a school applies special procedures in sexual misconduct cases, it suggests a discriminatory purpose and should be avoided." Id. According to Doe v. Brandeis Univ.,

> [T]he lowering of the standard appears to have been a deliberate choice by the university to make cases of sexual misconduct easier to prove—and thus more difficult to defend, both for guilty and innocent students alike. It retained the higher standard for virtually all other forms of student misconduct. The lower standard may thus be seen, in context, as part of an effort to tilt the playing field against accused students, which is particularly troublesome in light of the elimination of other basic rights of the accused.

Id., 177 F. Supp. 3d 561, 607 (D. Mass. 2016).

10. "If a college student is to be marked for life as a sexual predator, it is reasonable to require that he be provided a fair opportunity to defend himself and an impartial arbiter to make that decision. Put simply, a fair determination of the facts requires a fair process, not tilted to favor a particular outcome, and a fair and neutral fact-finder, not predisposed to reach a particular conclusion." Schaumleffel v. Muskingum Univ., No. 2:17-CV-463, 2018 WL 1173043, at *16 (S.D. Ohio Mar. 6, 2018). The University Proceeding has been tilted against Doe in the multiple ways identified herein and in the Verified Complaint.

---

[1] https://www2.ed.gov/about/offices/list/ocr/docs/qa-title-ix-201709.pdf?utm_content=&utm_medium=email&utm_name=&utm_source=govdelivery&utm_term=

11. Because a hearing in the University Proceeding is set to begin on September 26, 2019, decisions on the authority to issue subpoenas to compel the attendance of witnesses and on the other issues presented herein and in the Verified Complaint are imminent and necessary, and certainly should be rendered before the September 26 hearing in the University Proceeding, in order to ensure a fundamentally fair hearing for Doe and all others concerned.

12. Accordingly, Doe respectfully requests that this Court intervene and stay and enjoin the University Proceeding for a reasonable period of time to permit the parties and the Court to address the issues of subpoena authority to compel the attendance of witnesses, conflicts of interest, application of the differing burden of proof scheme, and the other issues presented herein and in the Verified Complaint. This would not be unfair to Defendants or to the confidential complainant. After all, "[w]hether someone is a 'victim' is a conclusion to be reached at the end of a fair process, not an assumption to be made at the beginning." Schaumleffel v. Muskingum Univ., No. 2:17 CV 463, 2018 WL 1173043, at *16 (S.D. Ohio Mar. 6, 2018).

**DEMPSEY EDGARTON, ST. PETER, PETAK, & ROSENFELDT LAW FIRM**
Attorneys for the **Plaintiff**

/s/ Peter J. Culp
Peter J. Culp
Wisconsin Bar No. 1022595

**ADDRESS:**
210 North Main Street, Suite 100
Oshkosh, Wisconsin 54903-0886

Telephone: 920-235-7300
Facsimile: 920-235-2011
Email: peterc@dempseylaw.com

Dated: September 18, 2019