UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN DOE,

        Plaintiff,

v.

                                      Case No. 19-cv-1348-pp

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,
UNIVERSITY OF WISCONSIN OSHKOSH,
ANDREW LEAVITT, SHAWNA KUETHER,
and ABIGAIL SYLVIA,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (DKT. NO. 2), GRANTING PLAINTIFF'S FIRST MOTION TO SEAL DOCUMENT (DKT. NO. 9) AND REQUIRING THE PARTIES TO FILE A JOINT STATUS REPORT BY SEPTEMBER 25, 2020**

---

        After the defendants filed a notice of removal, dkt. no. 1, the plaintiff filed a motion to proceed anonymously, dkt. no. 2, and a motion to seal his disclosure statement, dkt. no. 3. The defendants did not oppose either motion. Finding that exceptional circumstances outweigh revealing the identity of the plaintiff, the court will grant the motion to proceed anonymously and will restrict the plaintiff's disclosure statement. In anticipation of the hearing scheduled for October 29, 2020, the court will require the parties to file a joint status report regarding any ongoing administrative proceedings.

1

## I. Plaintiff's Motion for Leave to Proceed Anonymously as John Doe (Dkt. No. 2)

Rule 10 (a) of the Federal Rules of Civil Procedure requires a party filing a complaint to name all the parties. Fed. R. Civ. P. 10(a). This is because "the public has 'a right to know who is using [its] courts.'" Mitze v. Saul, 968 F.3d 689, 692 (7th Cir. 2020) (quoting Doe v. Blue Cross & Blue Shield United of Wis., 112 F.2d 869, 872 (7th Cir. 1992)). "[T]he privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object." Blue Cross & Blue Shield, 112 F.2d at 872. "The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." Id. (citation omitted).

The Seventh Circuit has recognized exceptions to this rule, such as circumstances in which the use a fictitious name will protect a vulnerable party or witness (children, rape victims and others). Id. "[A] plaintiff wishing to proceed anonymously must rebut the presumption that parties' identities are public information by showing that [his] need for anonymity outweighs the harm of concealment." Mitze, 968 F.3d at 692. The Seventh Circuit has not identified criteria for determining exceptional circumstances, but a district court in the Northern District of Indiana—in a case very similar to this one— identified a list of non-exclusive factors. Doe v. Purdue University, No. 4:19-CV-56-TLS-JPK, 2019 WL 3887165, *2 (N.D. Ind. Aug. 19, 2019). These factors include

1. Whether the plaintiff is challenging governmental activity;

2. Whether the plaintiff would be disclosing information of the utmost intimacy;
3. Whether the plaintiff would be compelled to admit his intention to engage in illegal conduct, risking criminal prosecution;
4. Whether the plaintiff would risk suffering injury if identified;
5. Whether the party defending against a suit brought under a pseudonym would be prejudiced;
6. Whether the interests of children are at stake;
7. Whether there are less drastic means of protecting legitimate interests of either the party seeking anonymity or the opposing party;
8. Whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; and
9. Whether the plaintiff's identity has thus far been kept confidential.

Id.

In Purdue University, the plaintiff alleged that the university had wrongly expelled him as the result of a disciplinary case "based on false accusations of sexual misconduct." 2019 WL 3887165, at *1. The court granted the motion to proceed anonymously, citing a variety of factors that weighed in favor of the plaintiff's request. Id. First, the plaintiff alleged harm from the way in which a state university handled a complaint brought against him and involving a sexual encounter. Id. at *2. Second, the plaintiff alleged that disclosure of his identity would result in irreparable reputation injury and further exacerbate the emotional and reputational injuries. Id. at *3 (citing Doe v. Colgate Univ., No. 5:15-cv-1069 (LEK/DEP), 2016 WL 1448829, *3 (N.D.N.Y. Apr. 12, 2016)). The court noted that "being charged with and found responsible for sexual misconduct by a prestigious educational institution unquestionably bears a strong social stigma." Id. (quoting Doe v. Univ. of Notre Dame, No. 3:17-cv-298 ¶ 28 (N.D. Ind. May 8, 2017)). Third, the court expressed concern that the

disclosure of the plaintiff's identity would harm third parties such as the victim. Id. Fourth, there was no indication that the plaintiff's identity had not been kept confidential. Id. at *4. The court found no less drastic means of protecting the legitimate interests of either party, and found that the public interest would be served because the case would not be sealed and all proceedings would be kept open. Id.

For the same reasons, the court will grant the plaintiff's motion in this case. The complaint alleges that the plaintiff was the subject of an investigation as a result of allegations of sexual misconduct and was denied his due process rights during that investigation. Dkt. No. 1. In his motion, the plaintiff expresses concerns about the disclosure of the allegations (which he maintains are baseless). He cites the negative social stigma, privacy interests and irreparable harm to his reputation and career. Dkt. No. 2 at ¶¶3, 12, 16, 17. For all these reasons, the court will grant the plaintiff's request to proceed anonymously.

The court clarifies, however, that it is not sealing the case. The litigation will proceed publicly.

**II. Plaintiff's Motion to Seal Public Disclosure Statement (Dkt. No. 9)**

The plaintiff also filed a motion asking the court to seal the disclosure statement required by Civil Local Rule 7.1(a) (E.D. Wis.). Dkt. No. 9. The local rule requires a party initiating a civil case using a pseudonym to file a disclosure statement in accordance with Civil L.R. 10(c) (E.D. Wis.). The party commencing the case must file, but not serve, the statement under seal; the

statement must include the plaintiff's actual name and provide the other information required under Rule 7.1. Id.

Because the court granted the plaintiff's motion to proceed anonymously, it will grant this motion. Dkt. No. 9. The court will order, however, that the clerk *restrict* the disclosure statement to the parties, rather than sealing the disclosure statement, because it is clear from the allegations in the complaint and from the defendants' motion to dismiss (Dkt. No. 26) that the parties are aware of the plaintiff's identity, and that the plaintiff wishes to keep his identity private from the public.

### III.    Outstanding Motions

When the plaintiff filed the complaint, the administrative proceedings against the plaintiff had not concluded. He filed a motion for a preliminary injunction, asking the court to enjoin further proceedings. Dkt. No. 16. The court was not able to promptly rule on that motion. Now, however, the motion for injunctive relief remains pending, and the defendants have filed a motion to dismiss arguing, among other things, that the plaintiff's claims are premature. Dkt. Nos. 26, 27. Ahead of the October 29, 2020 hearing on these motions, the court will ask the parties to file a joint status report, updating the court on the status of the administrative proceedings and the impact of those proceedings on the plaintiff's claims and the pending motions.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion to proceed anonymously as John Doe. Dkt. No. 2.

The court **GRANTS** the plaintiff's motion to restrict plaintiff's disclosure statement. Dkt. No. 6.

The court **ORDERS** the Clerk of Court to separately docket the disclosure statement (dkt. no. 9-1), restricting it to the parties.

The court **ORDERS** that on or before the end of the day on September 25, 2020, the parties must file a joint status report describing the status of the administrative proceedings against the plaintiff and whether those proceedings have any impact on the plaintiff's claims or the pending motions.

Dated in Milwaukee, Wisconsin this 8th day of September, 2020.

                        **BY THE COURT:**

                        _____
                        **HON. PAMELA PEPPER**
                        **Chief United States District Judge**